CITIES SERVICE OIL COMPANY,
Appellant

v.

Robert E. McLAUGHLIN, Commissioner of the District of Columbia, et al.,
Appellees.

No. 16065.

United States Court of Appeals
District of Columbia Circuit.

Argued April 13, 1961.

Decided May 25, 1961.

Mr. George H. Colin, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Kahl K. Spriggs, Washington, D. C., was on the brief, for appellant.

Mr. Hubert B. Pair, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, and Milton D. Korman, Principal Asst. Corporation Counsel, were on the brief, for appellees.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The District of Columbia Motor Fuel Tax Law of 1924 forbids importation or manufacture of motor vehicle fuel without a license issued by the Commissioners of the District of Columbia, and provides that the application for the license "shall contain (1) the name of the applicant; (2) the name under which the applicant intends to transact business and the name and place of business of the local representative; (3) the location of the applicant's place of business; (4) the date such business was established; and (5) any other information required under regulations promulgated by the commissioners of the District of Columbia. In case the applicant is a corporation, the application shall also contain the corporate name, place, and time of incorporation, and the names of the officers and directors, and, if a foreign corporation, the name of its resident general agent * * *." 47 D.C.Code § 1903 (1951).

Article 26, entitled Motor Vehicle Fuel Tax, of the Police Regulations of the District of Columbia, effective December 2, 1942, provides in section 2 that "Every licensed importer shall designate a local representative and maintain a local office or place of business within the District of Columbia * *." This regulation is authorized by 47 D.C. Code § 1916 (1951) which empowers the Commissioners to make such regulations as in their judgment are necessary for the administration of the motor fuel tax.

In the application for license as a motor fuel importer which appellant filed in 1957 it replied to the "resident general agent" question as follows: "None. Limited Agent: United States Corporation Co., 1111 National Press Bldg., Washington, D. C." The license was refused and appellant brought this suit. The District Court denied relief because it thought the statute required a foreign corporation to designate a resident general agent in order to get a license.

We interpret the statute somewhat differently. If the corporation does not have a representative within the District who is a "resident general agent" the statute does not require the corporation to procure and designate an agent of that description. However, considering the nature of the business of importing motor fuel, the supervision of such business intended by the Motor Fuel Tax Law, and the Article 26 regulation referred to above, the importer,

to qualify for a license, is required to designate a local representative and maintain a local office or place of business within the District of Columbia. In the absence of an agent known as a "resident general agent," compliance with the licensing statute requires the designation in the application of such a representative as the regulation specifies. We think this is a reasonable construction of the statute. It avoids giving the reference to a "resident general agent" a construction which requires an agent of that precise description, while at the same time it does require a local representative of requisite authority to be designated and specified in the application for a license.

In order to afford an opportunity to permit compliance in accordance with this opinion, the judgment of the District Court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.