**CITIES SERVICE OIL COMPANY,**
Appellant,

v.

**Walter N. TOBRINER et al., Commissioners of the District of Columbia, and Kenneth Back, Assessor for the District of Columbia, Appellees.**

No. 16742.

United States Court of Appeals
District of Columbia Circuit.

Argued May 14, 1962.

Decided May 31, 1962.

Certiorari Denied Oct. 8, 1962.

See 83 S.Ct. 36.

Mr. George H. Colin, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Kahl K. Spriggs, Washington, D. C., was on the brief, for appellant. Mr. John F. Myers, Washington, D. C., also entered an appearance for appellant.

Mr. Hubert B. Pair, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, and Milton D. Korman, Principal Asst. Corporation Counsel, were on the brief, for appellees.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

When the case was here before, Cities Service Oil Co. v. McLaughlin, 110 U.S. App.D.C. 266, 292 F.2d 759, we were presented with the question whether the District of Columbia Motor Fuel Tax Law required a foreign corporation which desired a license to import motor-vehicle fuel into the District of Columbia to have a resident general agent.[1] The statute provided that the applicant should give the name of its resident general agent. We held that if the corporation did not have an agent of that description the statute did not require one to be procured.

In reaching the above conclusion we considered *inter alia* Article 26, section 2, of the Police Regulations of the Dis-

1. 47 D.C.Code § 1903(a) (1961).

trict of Columbia,[2] which requires the importer, in qualifying for a license, to designate a local representative and to maintain a local office or place of business within the District of Columbia. We held that in the absence of a resident general agent the licensing statute required the corporation to designate such a representative as Article 26 specifies. We remanded the case to the District Court to afford the Company an opportunity to comply.

After the remand the Commissioners revised the application form to conform with our decision, that is, to call for the address of the applicant's local office or place of business in the District of Columbia. The Company applied again, but in answer to the request for its local office or place of business stated "None. See Item 15." The answer to Item 15 gave "United States Corporation Company" as the name of the Company's local representative in the District of Columbia, but did not name, or say that the Company had, a local office or place of business. The Company clearly had no intention of claiming that it had a local office or place of business, for its answer to question 12, "name and address of resident general agent in District of Columbia," was "None. Local representative —*for service of process*—named in item 15 below" (emphasis added).

Thereupon the Commissioners, through the Corporation Counsel, advised the Company that its application was unsatisfactory. The Company then moved in the District Court for an order to compel the Commissioners to issue a license to it to import motor-vehicle fuel for the year beginning July 1, 1961, pursuant to the application above referred to, or in the alternative for a trial on the merits. The motion was denied. The Commissioners' cross-motion to dismiss the complaint was granted, with the effect of dissolving an injunction which had preserved the Company's importing activities pending final disposition of the case.

The Company's application for an injunction pending appeal was granted by this court.

Our previous opinion set forth qualifications a motor-fuel importer must satisfy in order to obtain a license under the statute. Our decision became the law of the case and was followed by the District Court. The judgment of the District Court accordingly is

Affirmed.

---

2. 47 D.C.Code § 1916 (1961) authorizes the Commissioners to promulgate such regulations as in their judgment are

necessary for the administration of the Motor Fuel Tax Law.